UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUIS CONTRERAS MONTANEZ,

Petitioner,

v.

JULIO HERNANDEZ et al.,

Respondent.

CASE NO. 2:26-cv-03040-BAT

**ORDER GRANTING PETITION AND ORDERING RELEASE**

Immigration detainee Luis Contreras Montanez petitions the Court to order Respondents to immediately release him from detention. The Court **GRANTS** the § 2241 habeas petition as follows.

1. The Court may grant Petitioner's habeas petition which alleges his detention violates the Constitution or laws the United States. 28 U.S.C. § 2241(c)(3). Petitioner has the burden of showing his detention is unlawful by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 8 U.S.C. § 2241(c).

2. The parties agree in 2023, Petitioner entered the country and was arrested by immigration officers near the U.S. and Mexico border and released on an Order of Recognizance "OREC." Since his release, Petitioner lived in the United States. On July 2, 2026, Petitioner reported in person to the Tukwila, Washington ICE office where he was arrested and placed into

immigration detention. Respondents contend Petitioner is mandatorily detained under 8 U.S.C. § 1225(b) as an applicant for admission who was initially processed at the border. The Court rejects this contention. First, Petitioner was released in 2023 pursuant to an OREC. Release under an OREC is authorized under § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226). As Respondent concedes:

> Federal Respondents acknowledge that this Court has previously treated noncitizens released on ORECs as detained under the discretionary authority of 8 U.S.C. § 1226(a) and has applied the framework of *Mathews v. Eldridge*, 424 U.S. 319 (1976), to their re-detention claims.

Dkt. 6 at 7. Second, that Petitioner was released under § 1226 is reaffirmed by the Notice to Appear Respondents issued which states "You are an alien present in the United States who had not been admitted or paroled." Dkt. 7 (Exhibit 1). The Court accordingly finds § 1226 governs Petitioner's detention.

3. The Court finds Petitioner possesses Due Process protections under the Fifth Amendment. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Petitioner's interest in freedom from detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Petitioner retained a liberty interest in his continued liberty even if he was conditionally released. *Sierra Soto v. Bondi*, No. 2:26-cv-00652-BAT, 2026 WL 972731, at *6 (W.D. Wash. Apr. 10, 2026). Petitioner's liberty interest attaches whether he was released on an Order of Recognizance (OREC) or on parole. *See, e.g.*, *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) (holding an individual released on parole "took with him a liberty interest which is entitled to the full protections of the due process clause"); *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 1189, 1202 (W.D. Wash. 2025) (weighing first *Mathews* factor in favor of petitioner previously released on OREC, recognizing a "fundamental interest that must be accorded significant

weight"); *Osuna Benitez v. Hermosillo*, 2025 WL 3763932 (W.D. Wash. Dec. 30, 2025) (collecting cases).

4. The parties argue the Court should apply the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976): (1) the private interest at stake; (2) the risk of erroneous deprivation through existing procedures and "the probable value, if any, of additional or substitute procedural safeguards"; and (3) the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

5. Respondents recognize "Petitioner possesses a liberty interest in continued release." Dkt. 6 at 8. The Court finds the first *Mathews* factor favors Petitioner. Respondents contend the second factor favors the government because Petitioner was convicted of criminal trespass in 2023 and missed an "in-person ATD check-in on March 14, 2026. Petitioner was arrested for criminal trespass on August 7, 2023 and placed into a local jail where he was contacted by immigration officers. Respondents thus knew Petitioner had been arrested for trespass but nonetheless issued an OREC for release on September 16, 2023; Respondents thereafter made no effort to redetain him until July of 2026 even though they knew of or should have known about the 2023 trespass. As to the missed ATD check-in, Respondents are suggesting one missed check-in over a nearly three-year period diminishes the need for notice or a hearing before a neutral decision maker even though there is no evidence Petitioner has engaged in further criminal activity, has absconded supervision or has engaged in any conduct indicative of being a risk of flight or a danger to the community. Under the circumstances of this case, the Court finds the second *Mathews* factor favors Petitioner as the risk of erroneous deprivation of liberty is not "reduced" as Respondents claim. And lastly, the Court finds the third

*Mathews* factor favors Petitioner. Respondent argues it has an interest in enforcing the immigration laws and ensuring appearances for removal proceedings. There is no evidence Petitioner is a flight risk and would not appear for any removal proceeding, and Respondents interest in enforcing immigration laws is an interest that should be consistent with the laws and the constitution, not inconsistent with it. The Court finds all three *Mathews* factors favor Petitioner and relief should be granted.

6. The Court further finds that as Respondents violated Petitioner's due process rights, the proper remedy is immediate release. This remedy is consistent with numerous prior decisions issues by Judges of this Court which recognize a post-deprivation bond hearing fails to address the erroneous initial deprivation of liberty.

7. Petitioner requests the Court permanently enjoin re-detention absent notice and a pre-deprivation hearing at which Respondents must prove by clear and convincing evidence Petitioner poses a flight risk or danger to the community. A party "seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

8. Petitioner has unquestionably suffered irreparable injury by being detained in violation of due process. "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Ortiz v. Hermosillo*, No. 2:26-CV-00384-TL, 2026 WL 607672, at *6 (W.D. Wash. Mar. 4, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017)). And monetary damages would be inadequate to compensate for a

threatened future loss of liberty, as much as for the present loss of liberty. Finally, Petitioner has demonstrated the final two factors (which merge when the government is the opposing party) are satisfied: there is no disservice to the public and no undue hardship created by requiring the government to adhere to constitutional procedures, and the cost of a pre-deprivation hearing is outweighed by the substantial liberty interests at stake.

9. Respondents present no persuasive substantive argument against injunctive relief and instead contend the remedy here is a bond hearing before an immigration judge where the government may present evidence concerning flight risk or danger. The Court rejects Respondents' position. As in *Lima Gamez v. Hernandez*, No. 2:26-cv-01104-BAT, 2026 WL 1382362, at *2–*7 (W.D. Wash. May 28, 2026), "Respondents have given no indication that they intend to stop indiscriminately re-detaining previously released persons without prior notice and opportunity to be heard," notwithstanding the voluminous caselaw in this District and other jurisdictions repeatedly declaring such arrests unlawful; *cf. Ortiz v. Hermosillo*, No. 2:26-cv-00384-TL, 2026 WL 607672, at *5 (W.D. Wash. Mar. 4, 2026) (criticizing Respondents for continuing to engage in re-detentions without notice or an opportunity to be heard, despite district caselaw requiring otherwise); *see also Castillo Rodriguez v. Hernandez*, No. 2:26-CV-02810-TMC, 2026 WL 2606494, at *3 (W.D. Wash. Sept. 3, 2026) ("Respondents have demonstrated an intent to continue their practices no matter how many federal district courts conclude that those practices violate the law."). Petitioner faces the threat of re-detention without due process, and such relief is warranted on the record. *See Lima Gamez*, 2026 WL 1382362, at *7.

10. The Court concludes the *eBay* factors are satisfied, and a permanent injunction is warranted. At any pre-deprivation hearing, the government shall be required to justify re-

detention by clear and convincing evidence. This injunction does not apply to circumstances in which there is a factual basis that makes detention statutorily mandatory. For instance, 8 U.S.C. § 1226(c) requires the Attorney General to take into custody non-citizens who have committed specified criminal offenses.

## CONCLUSION

1. The petition for writ of habeas corpus is **GRANTED**. Dkt. 1.

2. Respondents shall **RELEASE** Petitioner within **24 HOURS** of entry of this order and restore him to the same conditions as those in place prior to Petitioner's re-detention, unless Respondents choose to impose less restrictive conditions; return to Petitioner any personal property upon release, including personal identification documents (other than a passport) and employment authorization documents; and file a status report certifying they have been released within **48 HOURS** of entry of this order.

3. Respondents are **PROHIBITED** from re-detaining Petitioner without adequate notice of intent to re-detain them and the grounds for re-detention, as well as a pre-deprivation hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that each Petitioner is a flight risk or danger to the community. This prohibition does not apply to mandatory detention under 8 U.S.C. § 1226(c).

4. Petitioners may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute.

DATED this 17th day of September, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge